UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO RAYGOZA, et al., | No. 2:15-cv-1017 KJM AC |
| Plaintiffs, | |
| v. | ORDER TO SHOW CAUSE |
| GPR LOGISTICS, INC., et al., | |
| Defendants. | |

This matter came on for a hearing on plaintiff's motion for entry of a default judgment. ECF No. 11. Plaintiff has consented to the jurisdiction of the magistrate judge. ECF No. 10. Immediately prior to the hearing, counsel for plaintiff submitted a stipulated judgment signed by the parties. Because the complaint alleges diversity jurisdiction but seeks damages below the statutory threshold, it appears that this court lacks jurisdiction to enter default judgement or approve the proposed stipulated judgment.

I. FEDERAL JURISDICTION

The court has a sua sponte obligation to ensure that it has subject matter jurisdiction over a case. Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Diversity jurisdiction applies only when the amount in controversy "exceeds the sum or

1

1  value of $75,000, exclusive of interest and costs," and the case is between citizens of different
2  states. 28 U.S.C. § 1332(a)(1); <u>Wachovia Bank v. Schmidt</u>, 546 U.S. 303, 306 (2006) ("Congress
3  empowered federal district courts to adjudicate civil actions between 'citizens of different States'
4  where the amount in controversy exceeds $75,000") (quoting 28 U.S.C. § 1332(a)(1)).  There is
5  no federal jurisdiction if the amount in controversy is less than the jurisdictional minimum, and
6  there is no other basis for federal jurisdiction.  <u>See</u> <u>Hymer v. Chai</u>, 407 F.2d 136, 137 (9th
7  Cir. 1969) (affirming dismissal on jurisdictional grounds where plaintiff's loss of consortium
8  claim "fell below the monetary minimum necessary to sustain federal diversity jurisdiction").
9  "The amount in controversy includes the amount of damages in dispute, as well as attorney's fees,
10  if authorized by statute or contract."  <u>Kroske v. U.S. Bank Corp.</u>, 432 F.3d 976, 980 (9th
11  Cir. 2005), <u>cert. denied</u>, 549 U.S. 822 (2006).

12  Here, the complaint alleges that plaintiff's damages for breach of contract are $51,167.00.
13  ECF No. 1 at 3.  Nowhere does the complaint allege that, despite the damages amount, the total
14  amount in controversy would exceed $75,000.  This court appears to lack subject matter
15  jurisdiction since, "'upon the face of the complaint, it is obvious that the suit cannot involve the
16  necessary amount.'"  <u>Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka</u>, 599 F.3d
17  1102, 1106 (9th Cir. 2010) (quoting <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S.
18  283, 292 (1938)).

19  At the hearing on this motion, plaintiff's counsel conceded that the amount in controversy
20  was less than $75,000, and offered no explanation for why the complaint was filed in federal
21  district court.  In light of counsel's concession, her failure to offer any explanation for filing the
22  complaint in federal court, and the fact that the complaint was filed without a valid jurisdictional
23  basis, it appears that the complaint was filed in violation of Fed. R. Civ. P. 11(b).

24  II.  MOTION FOR DEFAULT JUDGMENT

25  In the motion for a default judgment, plaintiff asserted that the claimed damages together
26  with attorney's fees, totaled $53,107.[1]  <u>See</u> <u>Kroske</u>, 432 F.3d at 980 ("[t]he amount in controversy

---

[1] Even if pre-judgment interest and costs are included, the amount in controversy is $59,868.92,
28  (continued…)

2

1 includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or
2 contract"). Therefore, even at the time of filing the motion for default judgment, the amount in
3 controversy was still substantially less than the jurisdiction minimum.  Plainly, this court cannot
4 enter a default judgment in a case where there is no federal jurisdiction.  See Gregorian v.
5 Izvestia, 871 F.2d 1515, 1522 (9th Cir.) ("[t]he district court therefore correctly granted
6 defendants' motion to set aside the default judgment, and properly dismissed the libel claim for
7 lack of subject matter jurisdiction"), cert. denied, 493 U.S. 891 (1989).  It therefore appears that
8 this motion was also presented in violation of Rule 11.

### III.  STIPULATION

10      On the day of the hearing in this matter, plaintiff presented to the court a "Stipulated
11 Judgment" and proposed order.  There is much that is wrong with this stipulation.  First, like the
12 motion for default judgment, it asks this court to enter a judgment in a case over which it has no
13 jurisdiction.
14      Second, the stipulation is signed by defendant Johal Rachpal (aka Rachhpal Johal), pro se,
15 on behalf of himself, and purportedly on behalf of himself "as President of GPR Logistics, Inc.,
16 a[n] Oregon corporation."  Thus the document asks the court to give its imprimatur to a
17 stipulation in which the pro se defendant purports to represent a defendant corporation.  While the
18 parties may conduct whatever lawful business they wish outside of court, a business entity "may
19 appear only by an attorney" in this court.  E.D. Cal. R. 183(a).  Accordingly, even if this court
20 had jurisdiction, it would not "So Order" a stipulation in which a pro se party purports to sign on
21 behalf of a defendant corporation.  The court is disturbed that plaintiff's counsel would obtain
22 such a stipulation from parties that are not represented by counsel, even though plaintiff's counsel
23 knew, or reasonably should have known, that the court has no jurisdiction to enter such a
24 judgment.
25 ////

---

26 see ECF No. 11 at 4, and still under the jurisdictional minimum.  In any event, those amounts are
27 not properly included in the "amount in controversy."  28 U.S.C. § 1332(a)(1) (amount in
controversy must be "exclusive of interest and costs").
28

III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff is ORDERED TO SHOW CAUSE in writing, within 14 days from the date of this order, why this action should not be dismissed for lack of federal jurisdiction;

2. Plaintiff's counsel, Georgia A. Stearns, Esq., is ORDERED TO SHOW CAUSE, in writing, within 14 days from the date of this order, why she should not be sanctioned under Rule 11 for filing a federal court complaint and a motion for default judgment in a case which plainly lacks a basis for federal jurisdiction.[2]

DATED: September 23, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2] If such sanctions are ordered, they will be payable by counsel herself, not by her client, and counsel will be ordered not to bill her client in any way for the sanctions.